**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

-------------------------------------------------------------------------------

In re:

Case No. 18-10270

    KEVIN CORBIN and VANESSA CORBIN,        Chapter 13

       Debtors.

-------------------------------------------------------------------------------

Filed & Entered
On Docket
September 6, 2018

### ORDER  GRANTING MOTION  FOR MORTGAGE MEDIATION

    Kevin Corbin and Vanessa Corbin filed a motion seeking an order directing Home Point Financial Corporation to proceed with mediation with respect to a certain mortgage dated March 24, 2015 more fully described in that motion, filed on August 21, 2018 with respect to property located at 369 O'Neil Drive, Richmond, Vermont.  Any objections filed in response to this motion have been withdrawn or overruled.

    Based upon the record in this case and the representations set forth in the motion, THE COURT FINDS that adequate notice has been given, the motion satisfies the procedural requirements of the Local Rules, the mediation is in the best interest of the bankruptcy estate, and good cause has been shown for entry of an Order approving the Motion for Mortgage Mediation.

    Based upon those findings, IT IS HEREBY ORDERED that the Motion for Mortgage Mediation is GRANTED.

    IT IS FURTHER ORDERED the parties shall proceed with mediation as follows:

    1.  Upon entry of this Order, the Clerk shall send the parties a list of all Bankruptcy Court approved mediators (the "List").  Within 7 days of Home Point Financial Corporation's participation in the case, the parties must file a joint selection of mediator. If the parties are unable to agree on a mediator within 7 days, the Debtor shall file a motion asking the Court to designate a mediator. Upon selection or appointment of a mediator, the Court shall enter an Order via a docket entry.

    2. Within 14 days of appointment of the Mediator, the parties may file a stipulated proposed scheduling order (Vt. MM Form# 13). If the parties fail to do so within 14 days, the parties shall comply with the schedule set forth in Vt. LBR 4001-7(c)(3)-(10).

    3. The parties shall split equally the Mediator's $900 flat fee. If a party seeks to shift the expense of a portion or all of the Mediator's fee, that party shall file a motion with the Court, providing 14 day notice to all parties to the mediation and the case trustee, showing cause for such relief.

4. The Mediator shall file a Report of Mediation (Vt. MM Form# 6) within 14 days of the conclusion of the mediation.

5. Unless, within 120 days of the date the mediator was appointed, (A) the mediator files a statement and schedule, or a report (or interim report, Vt. LB MM Form #12) of mediation; or (B) the debtor files a stipulation between the debtor, creditor, and mediator deferring mediation due to a temporary payment plan, the Clerk shall set a status hearing for the next hearing date, at which the parties' representative and the mediator shall be required to appear and explain why the mediation has not been completed.

6. Within 14 days of the filing of the Report of Mediation, the party who filed the Motion for Mortgage Mediation shall file a Post-Mediation Motion or Stipulation, with a proposed Order Declaring Mediation Closed,  seeking entry of an Order that: (A) finds that the parties had a full opportunity to mediate; (B) states whether the parties mediated in good faith; (C) states whether an agreement was reached; and (D) if needed, sets a status hearing or other next step necessary to move the case forward.

SO ORDERED.


September 6, 2018                                   _____
Burlington, Vermont                                Colleen A. Brown
                                                   United States Bankruptcy Judge

2